# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL CASE NO. 1:08cv33
### [Criminal Case Nos. 3:01cr11-3 & 1:01cr45]

| | | |
|---|---|---|
| PHILIP B. GREER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack.  28 U.S.C. § 2255.  However,

> [i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.  The Court has reviewed the Petitioner's motion and the record of his underlying criminal proceedings and enters summary dismissal for the reasons stated herein.


## PROCEDURAL HISTORY

The Petitioner was prosecuted in two separate criminal actions, one in the Charlotte Division of the Western District of North Carolina and the other in the Asheville Division thereof.  The Charlotte Division case was filed first on January 11, 2001.  <u>United States v. Greer</u>, Criminal Case No. 3:01cr11 (Case No. 3:01cr11).  On May 10, 2001,  a second Superseding Bill of Indictment was filed alleging that Petitioner had participated in an elaborate Ponzi scheme involving millions of dollars and hundreds of victims. [Doc. 34].  The Indictment charged the Petitioner and four co-defendants with conspiracy to defraud the United States, conspiracy to commit money laundering and money laundering, in violation of 18 U.S.C. §§371, 1956(h), 1956(a)(1)(A)(I). [<u>Id</u>.].

The Asheville Division case was filed on June 5, 2001 when the Petitioner waived charges by indictment.  <u>United States v. Greer</u>, Criminal Case No. 1:01cr45 (Case No. 1:01cr45).  The Bill of Information charged the

Petitioner with commodities fraud, in violation of 7 U.S.C. §§6o(1) & 13(a)(2) and 18 U.S.C. § 2. [Doc. 2].

On June 5, 2001, the Petitioner entered into a written Plea Agreement with the Government pursuant to which he agreed to plead guilty to Counts One, Fourteen, Fifteen, Seventeen, Thirty-Two and Thirty-Five of the second superseding bill of indictment in Case No. 3:01cr11 and to the bill of information in Case No. 1:01cr45. [3:01cr11, Doc. 73]. It was disclosed in the agreement that the Petitioner faced a total possible sentence of 105 years imprisonment along with fines, restitution and assessments. [Id. at ¶ 2]. The Petitioner acknowledged in the agreement that (1) the loss sustained from the conspiracy to defraud which was known to or reasonably foreseeable to him was more than $20 million but less than $40 million; (2) the value of funds involved in the money laundering counts was more than $20 million but less than $35 million; and (3) pursuant to the United States Sentencing Guidelines (U.S.S.G.), his adjusted offense level for all counts was 39. [Id., at ¶¶ 3(a)-(d)]. The Agreement also contained a provision in which the Petitioner waived his right to attack, directly or collaterally, his convictions and sentences on any grounds, except ineffective assistance of counsel and prosecutorial misconduct. [Id., ¶13].

On the same day that he signed the agreement, the Petitioner appeared

for his Rule 11 Hearing. He was placed under oath and participated in a lengthy colloquy pursuant to which the Magistrate Judge insured that the Petitioner entered his guilty pleas knowingly, intelligently and voluntarily. [Id., at Doc. 70; Doc. 72]. In open court and on the record, the Petitioner told the Court that he had reviewed the charges with his attorney, he understood the penalties he faced, he understood and agreed to the terms of his Plea Agreement, he had spoken with his attorney about defenses, he had discussed with his attorney how the guidelines might apply in his case, and he was satisfied with his attorney's services, [Id., at Doc. 70, 1-13]. The Petitioner stated under oath that he was entering the guilty pleas because he, in fact, was guilty of each of the offenses. [Id.]. He also stated that, other than the promises set forth in his Plea Agreement, no one had coerced, threatened or made any promises of leniency in order to induce those pleas. [Id.]. After considering all of Petitioner's sworn representations, the Court concluded that his pleas were knowingly and freely made and thus accepted his guilty pleas. [Id.].

The United States Probation Office prepared a Presentence Report in which the Petitioner's final Total Offense Level was determined to be 36 and his Criminal History Category was found to be I, with a corresponding guideline range of 188 to 235 months imprisonment. [Criminal Case No.

1:01cr45, Doc. 30, ¶¶ 55 and 71]. In March 2003, the Government filed a Motion for a Downward Departure pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e) in which it recommended a sentence of 100 months imprisonment. [Criminal Case No. 3:01cr11, Doc. 268].

On April 4, 2003, the Court[1] sentenced the Petitioner serve 60 months imprisonment for the charge in the bill of information and 60 months imprisonment for the conspiracy to defraud count in Criminal Case No. 3:01cr11. [Id., Doc. 280]. He was sentenced to 120 months imprisonment for the remaining charges. [Id.]. All sentences were to run concurrently. [Id.]. The Petitioner did not file a direct appeal.

On March 15, 2004, the Petitioner, acting *pro se*, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. [Civil Case No. 1:04cv46, Doc. 1]. In that motion, the Petitioner made the following claims: (1) he received ineffective assistance of counsel when his attorney failed to file a notice of appeal; (2) the sentencing court committed error by failing to obtain the Petitioner's consent to be sentenced less than 35 days after receipt of his original and revised Pre-Sentence Report; (2) the sentencing court committed error by failing to ask the Petitioner whether he had received, read and

---

[1]Hon. Lacy H. Thornburg was the sentencing court. He has since retired and the case was reassigned to the undersigned.

reviewed those reports with counsel; (3) the sentencing court committed error by failing to ask the Petitioner whether he wanted to make a statement; (4) the sentencing court failed to specify the amount of restitution for which the Petitioner was being held responsible; (5) the Petitioner received ineffective assistance of counsel when his attorney failed to file objections to the presentence report; (6) he received ineffective assistance of counsel when his attorney advised that the guideline range after a downward departure would be 72 to 90 months imprisonment; (7) he received ineffective assistance of counsel when his attorney represented that all appeal rights had been forfeited; and (8) his guilty plea was not knowingly and voluntarily entered because it was induced by his attorney's ineffectiveness, as set forth above. [Id., Doc. 1-1, at 2-9]. Judge Thornburg dismissed the motion, finding no grounds for relief had been stated. [Id., Doc. 4].

The Petitioner appealed from that dismissal. [Id., Doc. 6]. The Fourth Circuit issued a certificate of appealability as to only one claim, whether trial counsel was ineffective for failing to honor the Petitioner's request for an appeal. United States v. Greer, 217 Fed. Appx. 282, 283 (4th Cir. Feb. 22, 2007). The Circuit remanded for an evidentiary hearing on that single issue. Id.

On remand, Judge Thornburg granted relief to the Petitioner on the

claim that counsel failed to honor his request for an appeal, entered an amended judgment from which the Petitioner could appeal and ordered that a notice of appeal be filed on his behalf. [Criminal Case No. 3:01cr11-3, Doc. 485; Doc. 486]. On direct appeal, the Petitioner raised the following issues: (1) the receipt of the presentence report and amended report less than 35 days prior to sentencing was error; (2) the failure of the sentencing court to ask whether counsel had reviewed the presentence report with the Petitioner was error; (3) the failure of the sentencing court to directly address the Petitioner concerning allocution was error; (4) it was error to re-sentence the Petitioner *in absentia*; (5) the sentencing court failed to apply <u>Booker</u> at re-sentencing, thus committing error. <u>United States v. Greer</u>, 2008 WL 3022743 (Appellant Brief). In the body of the brief, the Petitioner argued that trial counsel was ineffective because he allowed each of the above errors to occur. <u>Id</u>.

When the Court of Appeals considered this appeal, it concluded that the waiver of direct appeal in the plea agreement was a valid and enforceable bar to all of his claims except claims of ineffective assistance of counsel. <u>United States v. Greer</u>, 259 Fed. Appx. 610, 610-11 (4th Cir. Dec. 28, 2007). "Insofar as Greer is attempting to frame his appellate issues as being the result of ineffective assistance of counsel, the claims are not cognizable on direct appeal. Rather, to allow for adequate development of the record, a defendant

must bring his claims in a 28 U.S.C. §2255 motion." Id.

This ruling resulted in the pending motion in which the Petitioner essentially recasts his prior §2255 and appellate claims as ineffective assistance of counsel claims. Counsel was ineffective, he now claims, because counsel failed (1) to object to the sentencing hearing being held within 35 days of receipt of the amended presentence report; (2) to require the sentencing court to inquire personally of Petitioner as to whether he had received and reviewed his presentence report; and (3) to object to the Court's failure to ask the Petitioner if he wanted to speak in his own behalf. [Doc. 1]. The Petitioner also claims that his right to due process was violated when the sentencing court issued the amended judgment without conducting another sentencing hearing at which the Petitioner was present. The Petitioner's final claim is that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), should have been applied to him when his new Judgment was entered to allow his appeal.

## DISCUSSION

**The claims of ineffective assistance of counsel.**

The Petitioner argues that trial counsel was ineffective because he did not object to the purported sentencing errors. The Supreme Court has stated

the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  Id.  Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of his prosecution would have been different.  Id., at 688.

The Petitioner's presentence report was prepared on February 27, 2003. [Criminal Case No. 3:01cr11, Doc. 497, at 1].  The Petitioner did not file objections to the report; however, his attorney submitted a document captioned "Responsibility and Accomplishments with Promissions: Projects Reaching Others" which reported the Petitioner's past conduct as a missionary. [Id., Doc. 453, at 5].  As a result, the report was revised on March 18, 2003. [Id., Doc. 497, at 1].  Although the Petitioner's sentencing hearing occurred on March 25,

2003, his judgment was not entered until April 4, 2003. [Id., Doc. 280].

Federal Rule of Criminal Procedure 32 provides in pertinent part:

The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period.

...

Within 14 days after receiving the presentence report, the parties must state in writing any objections ... contained in or omitted from the report.

...

At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

Fed.R.Crim.P. 32(e)(2), (f)(1), (g).

The Court reads the provisions of Rule 32 as beginning the 35 day period from the date of the original presentence report, not the revised one. See, United States v. McElrath, 253 Fed.Appx. 866 **4 (11th Cir. 2007). "Rule 32's sequence of timing for receiving and objecting to a PSI therefore suggests that the thirty-five day requirement applies only to the original PSI." Id. The Petitioner's sentence did not become final until entry of the judgment on April 4, 2003. United States v. Walters, 176 Fed.Appx. 400 (4th Cir. 2006). His attorney did not file objections and the March 18, 2004 revision was provided 7 days prior to sentencing. The Petitioner was sentenced on the 36th day after

10

the initial disclosure.  The Petitioner, however, argues there is no proof of when he actually received the presentence report and the 35 day period runs anew from the date of the revised report.

Assuming *arguendo* that the 35 day period started anew with the revised report, the Petitioner's attorney averred that, prior to sentencing, he reviewed the presentence report with the Petitioner who understood its contents. [Id., Doc. 415].  The March 18, 2003 revision was prepared at the request of defense counsel in order to include the Petitioner's missionary experience. United States v. Burnette, 21 Fed.Appx. 382, 393 (6th Cir. 2001).  It was not an objection to the presentence report.  Id.  "The purpose of the thirty-five day requirement is to ensure fairness and accuracy in sentencing by allowing the defendant adequate time to find any objectionable recommendations in the PSI."  McElrath, 253 Fed.Appx. at **4.  Here, no such objections were found.

Although the Petitioner vaguely claims he wanted to object to the loss amount and offense level, he has not established that he was prejudiced. United States v. Roberge, 565 F.3d 1005, 1012 (6th Cir. 2009), *certiorari denied* 130 S.Ct. 331, 175 L.Ed.2d 218 (2009) (actual prejudice must be shown by contradictory facts that challenge the accuracy of the presentence report);  United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995); United States v. Harris, 2008 WL 5157923 **7 (to show prejudice, defendant must

show that the revised report contained factual inaccuracies, he could have successfully objected to it and would have received a shorter sentence).

Moreover, in the Petitioner's case, the government moved for a downward departure which was granted and no showing has been made that the government would have recommended a greater departure had more time been provided. Id.; United States v. Lockhart, 58 F.3d 86, 89 (4th Cir. 1995) (defendant who received minimum sentence could not show prejudice stemming from failure to comply with Rule 32); United States v. Moore, 97 Fed.Appx. 674 **1 (7th Cir. 2004) (defendant who waived right to appeal sentence within guideline range could not show prejudice for violation of Rule 32). The Court rejects the contention that counsel provided ineffective assistance. United States v. Workman, 110 F.3d 915 (2nd Cir. 1997), *certiorari denied* 520 U.S. 1281, 117 S.Ct. 2469, 138 L.Ed.2d 224 (1997) (there is no reasonable probability that defendant's sentence would have been different had he received the report 35 days prior to sentencing) .

Rule 32 also requires that during the sentencing hearing, the court must verify that the defendant and his attorney have read and discussed the presentence report. Fed.R.Crim.P. 32(i)(1)(A). The Petitioner claims the sentencing court did not personally address him on this issue although he admits the Court did address his attorney as to whether they had done so.

> While the requirement is most easily satisfied by expressly asking whether the report has been read and discussed, Rule 32 is also satisfied if "a statement by counsel or defendant unequivocally demonstrate[s] that the report has been read and discussed by them," or if court records "allow the district court to infer that defendant and defense counsel ... discussed it together."

United States v. Daniels, 2010 WL 559695 **1 (4th Cir. 2010), *quoting* United

States v. Miller, 849 F.2d 896, 898 (4th Cir. 1988).

The Petitioner acknowledges that the sentencing court specifically

addressed his attorney as to this issue. [Doc. 1, at 21].

> [Courts have] declined to interpret Rule 32 as creating an absolute requirement that the district court "specifically ... ask a defendant whether he has read the PSIR." Instead, [they] "draw reasonable inferences from court documents, the defendant's statements and counsel's statements" to determine whether the defendant has been given an opportunity to read the PSR with his counsel.

United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001),

*certiorari denied* 535 U.S. 991, 122 S.Ct. 1547, 152 L.Ed.2d 472 (2002).

Here, "[t]he record is replete with counsel's references to the contents of

the presentence report" during the sentencing hearing. United States v. Byers,

894 F.2d 402 **2 (4th Ci. 1989), *certiorari denied* 494 U.S. 1031, 110 S.Ct.

1482, 108 L.Ed.2d 619 (1990); Mathews v. United States, 2008 WL 5787778

(S.D.W.Va. 2008) **6 ("It is clear that Rule 32(i)(1)(A) does not require the

sentencing court to explicitly question the defendant, but only 'somehow'

determine that defendant and counsel had an opportunity to read and discuss

the presentence report.").  Indeed, defense counsel has provided an affidavit in which he states that he and the Petitioner reviewed and discussed the presentence report.  The Court rejects this contention as well.

Finally, the Petitioner argues his attorney was ineffective because he did not object when the Court asked counsel whether the Petitioner wished to allocute.  Rule 32(i)(4)(ii) provides that the sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."  As previously noted by the sentencing court, the record reveals that the Petitioner was provided an opportunity to personally address the Court. [Doc. 453, at 7].  While Rule 32 is not satisfied "by merely affording the Defendant's counsel the opportunity to speak," that is not what occurred in this case.  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  The Petitioner was clearly provided an opportunity to address the court personally and then advised the Court through counsel that he did not wish to do so.

The Court concludes based on the record of the hearing that the sentencing court "unequivocally" communicated that the Petitioner had a right to allocute.  United States v. Magwood, 445 F.3d 826, 829 (5th Cir. 2006).  "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he

had a right to speak on any subject of his choosing prior to the imposition of sentence." Id. The record shows this occurred.

Moreover, the Petitioner received the benefit of a downward departure. He has not shown that there is a possibility that he would have received a shorter sentence had he spoken. Muhammed, 478 F.3d at 249 (defendant not prejudiced by denial of allocution where no possibility he would have received a shorter sentence); United States v. King, 263 Fed.Appx. 332 (4th Cir. 2008) (there is no *per se* rule of reversal when defendant denied right of allocution; defendant failed to show allocution would have resulted in shorter sentence). Thus, "trial counsel cannot have been ineffective for failing to raise a meritless objection." Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005), *certiorari denied* 546 U.S. 1137, 126 S.Ct. 1142, 163 L.Ed.2d 1000 (2006).


**The Petitioner's claims of sentencing error.**

Apart from his claims of ineffective assistance of counsel, the Petitioner also makes the substantive claims that he should not have been "re-sentenced" *in absentia* and that Booker should have been applied at the time of the entry of the amended Judgment. The Court first notes that these issues were rejected by the Fourth Circuit on direct appeal. Thus, they are not cognizable in a collateral attack. "[C]ircuit precedent and common sense

dictate that a habeas petitioner cannot be allowed to resurrect claims previously denied on the merits simply because the district court has granted relief on [one] appeal claim [related to whether the defendant instructed counsel to appeal]." United States v. Williams, 444 F.3d 233, 236 (4th Cir. 2006); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (law of the case doctrine "forecloses re-litigation of issues expressly or impliedly decided by the appellate court."); Boeckenhaupt v. United States, 537 F.2d 1182 , 1183 (4th Cir. 1976), *certiorari denied* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976).

Nor is there any merit to the claim. In this case, upon the limited remand by the Fourth Circuit, the sentencing court did not conduct a *de novo* sentencing hearing but instead entered a new judgment in order to allow the Petitioner to appeal. United States v. Hadden, 475 F.3d 652, 667-69 (4th Cir. 2007) (the district court did not conduct any of the procedures that would have been required at a full-blown sentencing but merely excised incorrect portion of sentence in resolving motion pursuant to §2255). In this scenario, it is not necessary that the court conduct a new sentencing hearing at which the defendant is present. Id., *accord*, United States v. Howze, 178 Fed.Appx. 328 (4th Cir. 2006); United States v. Smith, 11 Fed.Appx. 165, 167 (4th Cir. 2001).

> Having concluded that the Petitioner's sentence [had to be] vacated, the only issue [which remained was] whether the

16

[sentencing court was] compelled to conduct a new sentencing hearing at which the Petitioner must [have been] present. Federal Rule of Criminal Procedure 43(c)(4) provides that a defendant need not be present when a proceeding involves the reduction or correction of a sentence pursuant to 18 U.S.C. §3582(c). That statute provides that a court may not modify a sentence once imposed except to the extent "expressly permitted by statute ... ." 18 U.S.C. §3582(c)(1)(B). Section 2255, of course, permits the modification and correction of a sentence. The only manner in which Petitioner's sentence [was] changed involve[d] [reimposing sentence to allow the taking of a direct appeal]. The remaining terms and provisions of the original Judgment [were] unchanged. [T]he Petitioner's presence in this circumstance [was] not required.

Darity v. United States, 124 F.Supp.2d 355, 362-63 (W.D.N.C. 2000), *denial of habeas relief affirmed and overruled on other grounds* 22 Fed.Appx. 277 (4th Cir. 2001), *certiorari denied* 535 U.S. 1042, 122 S.Ct. 1807, 152 L.Ed.2d 663 (2002) (citations omitted).

On direct appeal after remand, the Petitioner raised the following issue: "Whether the 'corrected' sentence imposed [on remand] is statutorily erroneous under Booker, because the district court mandatorily applied the Sentence Guidelines" as opposed to an advisory reliance thereon. United States v. Greer, 2007 WL 3022743. The Court of Appeals found this claim, as well as others, to be barred by his waiver of the right to appeal. Greer, 259 Fed.Appx. at 610-11. "Greer agreed to waive appellate review of his sentence and conviction except for issues concerning ineffective assistance of counsel and prosecutorial misconduct. We conclude Greer's appeal waiver was

knowing and voluntary. ...  Accordingly, because of the appeal waiver, we dismiss the appeal."  Id.

In the plea agreement, the Petitioner also waived his right to contest his convictions and sentences in collateral proceedings under § 2255. Defendants may make such waivers provided that the "waiver [w]as knowing and voluntary."  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); see also United States v. Cannady, 283 F.3d 641, 645 n.3 (4th Cir. 2002), *certiorari denied* 537 U.S. 936, 123 S.Ct. 38, 154 L.Ed.2d 238 (2002) (observing that courts generally have enforced waivers of collateral review rights); United States v. Cohen, 459 F.3d 490, 493-95 (4th Cir. 2006), *certiorari denied* 549 U.S. 1182, 127 S.Ct. 1169, 166 L.Ed.2d 997 (2007) (enforcing waiver of the right to a direct appeal); and United States v. General, 278 F.3d 289, 399-401 (4th Cir. 2002) (rejecting claims which came within the scope of appellate waiver).

The Fourth Circuit has determined that the waiver provision in the Petitioner's case is valid and enforceable against his non-counsel related claims.  Greer, 259 Fed. Appx. at 610-11.  The Petitioner's claim that the Court sentenced him in violation of the rule announced in Booker is thus barred by this waiver.  Cannady, 283 F.3d at 645.

The Court has considered the Petitioner's motion, any attached exhibits,

and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

The Clerk of Court is requested to enter Judgment in favor of the United States.

The Petitioner is hereby placed on notice that he may seek a certificate

of appealability from the United States Fourth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22.

Signed: May 14, 2010

Martin Reidinger
United States District Judge